UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:05-11093NG

|   |   |
|---|---|
| ELECTRONIC ENVIRONMENTS CORPORATION, | ) |
| Plaintiff, | ) |
| v. | ) |
| JAMES M. EMMING, | ) |
| Defendant. | ) |

**ANSWER TO VERIFIED COMPLAINT**

Defendant, James M. Emming, by his undersigned attorneys, and for his Answer to Plaintiff's Verified Complaint states as follows:

1. In answering Paragraph 1 of Plaintiff's Verified Complaint, admit that EEC is a Massachusetts corporation and admit its principal place of business as alleged in the Verified Complaint; deny the remaining allegations contained in Paragraph 1 of Plaintiff's Verified Complaint.

2. Admit the allegations contained in Paragraph 2 Plaintiff's Verified Complaint.

3. In answering Paragraph 3 of Plaintiff's Verified Complaint, admit that Defendant was employed by EEC from 1999 to April of 2005; admit that in April of 2005 Defendant informed EEC he has leaving EEC's employment; admit that at times during his employment Defendant serviced EEC's customers including, at times, Cingular and Level 3 Communications. Deny the remaining allegations contained in Paragraph 3 of Plaintiff's Verified Complaint.

4. In answering Paragraph 4 of Plaintiff's Verified Complaint, admit that Defendant Emming signed the Non-Competition and Confidentiality Agreement on June 7, 1999; admit that

a true copy of said Agreement is attached as Exhibit A to Plaintiff's Verified Complaint; deny the remaining allegations contained in Paragraph 4 of Plaintiff's Verified Complaint.

5. Admit the allegations contained in Paragraph 5 of Plaintiff's Verified Complaint. Affirmatively allege that the Agreement speaks for itself.

6. Plaintiff's Verified Complaint does not contain a Paragraph 6.

7. Admit the allegations contained in Paragraph 7 of Plaintiff's Verified Complaint. Affirmatively allege that the Agreement speaks of itself.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Verified Complaint, and therefore deny the same and put Plaintiff to its proof thereon.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Verified Complaint, and therefore deny the same and put Plaintiff to its proof thereon.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Verified Complaint, and therefore deny the same and put Plaintiff to its proof thereon.

11. In answering Paragraph 11 of Plaintiff's Verified Complaint, admit that Defendant conducted maintenance at the Boston location of EEC's customer Cingular on March 23, 2005. Deny of the remaining allegations contained in Paragraph 11 of Plaintiff's Verified Complaint.

12. Admit the allegations contained in Paragraph 12 of Plaintiff's Verified Complaint.

13. In answering Paragraph 13 of Plaintiff's Verified Complaint, deny knowledge or information sufficient to form a belief as to what any employee of any of EEC's customers told

EEC with regard to Defendant's work for JT Packard, and therefore deny the same and put Plaintiff to its proof thereon. Affirmatively deny that Defendant was involved in any way in any effort by JT Packard to solicit business from Cingular. Deny the remaining allegations contained in Paragraph 13 of Plaintiff's Verified Complaint.

14. In answering Paragraph 14 of Plaintiff's Verified Complaint, admit that Defendant was hired by JT Packard at a salary of $75,000.00 per year with a $5,000.00 signing bonus. Deny the remaining allegations contained in Paragraph 14 of Plaintiff's Verified Complaint.

15. Defendant realleges and incorporates by reference all preceding paragraphs of his Answer as if fully set forth herein.

16. Deny the allegations contained in Paragraph 16 of Plaintiff's Verified Complaint.

17. Deny the allegations contained in Paragraph 17 of Plaintiff's Verified Complaint.

18. Deny the allegations contained in Paragraph 18 of Plaintiff's Verified Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Verified Complaint, and therefore deny the same and put Plaintiff to its proof thereon.

20. Defendant realleges and incorporates by reference all preceding paragraphs of his Answer as if fully set forth herein.

21. Deny the allegations contained in Paragraph 21 of Plaintiff's Verified Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Verified Complaint, and therefore deny the same and put Plaintiff to its proof thereon.

## FIRST AFFIRMATIVE DEFENSE

Defendant further answering by way of a separate affirmative defense applicable to each count of the Verified Complaint, Defendant alleges that the Non-Competition and Confidentiality Agreement is unenforceable under applicable law.

## SECOND AFFIRMATIVE DEFENSE

Defendant further answering by way of a separate affirmative defense applicable to each count of the Verified Complaint, Defendant alleges that the Non-Competition and Confidentiality Agreement is not supported by consideration.

## THIRD AFFIRMATIVE DEFENSE

Defendant further answering by way of a separate affirmative defense applicable to each count of the Verified Complaint, Defendant alleges that to the extent the Non-Competition and Confidentiality Agreement was at any time enforceable, which Defendant denies, Defendant's performance was excused by Plaintiff's prior material breach of the employment agreement between the parties.

WHEREFORE, Defendant respectfully requests the Court dismiss with prejudice Plaintiff's Complaint in its entirety and award Defendant its costs, disbursements and such other relief as the Court deems just and equitable.

**JURY DEMAND**

The defendant requests a trial by jury on all claims and issues so triable.

                                              JAMES M. EMMING
                                              By his attorneys,


                                              /s/ Gary M. Feldman
                                              Gary M. Feldman
                                              BBO #162070
                                              **DAVIS, MALM & D'AGOSTINE, P.C.**
                                              One Boston Place
                                              Boston, MA  02108
                                              (617) 367-2500


                                              and

                                              COUNSEL PRO HAC VICE


                                              /s/ Lori M. Lubinsky
                                              Lori M. Lubinsky
                                              **AXLEY BRYNELSON, LLP**
                                              2 East Mifflin Street, Suite 200
                                              Madison Wisconsin 53703
                                              (608) 257-5661

Dated:  June 6, 2005

368303v.1