UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ELECTRONIC ENVIRONMENTS CORPORATION, )
      Plaintiff )
       )
v. ) ) **Civil Action No. 05-11093 NG**
       )
JAMES M. EMMING, )
      Defendant )
       )

**MEMORANDUM OF PLAINTIFF ELECTRONIC ENVIRONMENTS CORPORATION CORPORATION INCORPORATION INCORPORATION IN SUPPORTCORP TO REQUESTS FOR ADMISSIONS OUT OF TIME**

Facts

Plaintiff Electronic Environments Corporation ( EEC ) filed this action on April 26,26, 2005, against defendant James M. Emming26, 2005, against defendant James M. Emming ( Emmi competecompete executed in conjunction with Emming s employment by EEC. (See Complaint).

ByBy letter dated September 2, 2005, andBy letter dated September 2, 2005, and received by plaint 6,6, 2005, Emming6, 2005, Emming served6, 2005, Emming served EEC with a document entitled De toto Admit, Interrogatories and Requests for Productionto Admit, Interrogatories and Requests for Product Motion,Motion, para. 1). Because of the way the documentMotion, para. 1). Because of the way the docu toto admit were not contained in a sepato admit were not contained in a separate document,to admit w noticednoticed that the document contained  requests tonoticed that the document contained  requ documentdocument contained only defendant s first set of interrogatories and requestsdocument containe ofof documents; therefore, they were not separately diaried forof documents; therefore, they were not sepa

---

[1]Counsel of EEC and is staff are used to seeing requests for admissions in a separate document entitled  Requests for Admissions .

admissions, which is the practice in counsel's handling of admissions. (Verified Motion, para. 2).

notice that the document contained requests for admissions until Oct[ober ...] undertaking to review the [document ...] defendant's first set of interrogatories and requests [...] Motion, para. 3). EEC absolutely does not admit the request[ed ...] responses. (Verified Motion, para. 4). On Oc[tober ...] counsel for Emming explained why the requests to [...] staff, and requested that EEC be allowed an extension to serve responses. Counsel f[or] Emming refused. (Verified Motion, para. 5).

## Argument

Where a party seeks to leave to file untimely responses to request[s ...] test to be applied by the court is whether permitting the p[resentation ...] presentation of the merits of the action, and whether prejudice [...] party. *Ameribanc Savings Bank FSB et. al v. Resolution Trust Co[rp ...]* 581 (E.D. Va. 1994).

In *Ameribanc*, counsel representing the part[y ...] inadvertently placed the requests in the [...] failure to answer the requests for admissions until May.

> The rule emphasizes the importance of having each action resolved on its merits, while at the same time assuring each party that its justified reliance upon admissions in preparation. *Id., citing Branch Banking & Trust Co. v. Deutz-Allis Corp, 120 F.R.D. 655, 658 (E.D.N.C.1988)*.

The court concluded that relief from the [requested admissions should] be [granted] because the defendants were not prejudiced in that they could not have expected the propounded requests for admissions to be admitted [and plaintiff was] prejudiced by its counsel's actions in misplacing the discovery documents. *Id.*

Here, as in *Ameribanc*, defendant Emming could not have expected EEC to admit the requests for admissions. In particular, admission [of the requests would eliminate] EEC's case against Emming because it seeks an admission [that the] Confidentiality Agreement is not [enforceable. Emming is not] prejudiced by allowing EEC to respond to the admissions.

On the other hand, EEC would suffer the ultimate prejudice [of losing its case against] EEC, solely because of the action of EEC's counsel. [The] mistake by its counsel in this case is even more understandable than that in *Ameribanc*, because here the defendant contributed to the mistake by the unorthodox way [in which it] presented its requests for admissions to EEC. The requests were not in [a document] entitled "Request for Admissions". The re[quests were contained in a document entitled] "Requests to Admit, Interrogatories And Request for Production of Documents". [²] Therefore, neither counsel, Leo S. McNamara, Esq., nor [his staff, recognized that the document] contained requests for admissions, and neither undertook [to calendar a date for response, the usual practice in counsel's offices. Instead, counsel [did not address the] requests for admissions until some tw[o weeks later when he began responding to] what he thought to be defendants' first set of interrogatories and requests for production.

Finally, Rule 36 relating to request for admissions was not intended to b[e...]

---

²Rule 36 is entitled "Requests For Admissions" not "Requests to Admit".

3

"cover cover the entire case", or to "cover the entire case", or to cover a "controverted legal issue cover th *PittsburghPittsburgh Hotels Association, Inc. v. Pittsburgh Hotels Association, Inc. v. UrbanPittsburgh Hot 512,512, 513 (W.D.512, 513 (W.D.Pa. 196512, 513 (W.D.Pa. 1962).* The rule was designed to obtain a therethere is no real dispute, *Fuhr v. Newfoundland -StFuhr v. Newfoundland -St. Lawrence SFuhr v. F.R.D.F.R.D. 9,F.R.D. 9, 12 (S.D.N.Y., 1959).* That is one reason why Rule 36 (b) specifically allows f withdrawalwithdrawal or amendment to responses to requestswithdrawal or amendment to responses to r *atat 58at 581.* Here, Emming s requests, if admitted, would run completely counter   Here, Em allegationsallegations of EEC s Verified Complaint. And *via* Requ Request No. Request No. admissions seek to "cover the entire case".

### Conclusion

For all of the above reasons, plaintiff s request that is motion be allowed.


ELECTRONIC ENVIRONMENTS
CORPORATION
By its Attorney,


          /s/ Leo S. McNamara
Leo S. McNamara, Esq.
BBO # 339380
McNAMARA & FLYNN, P.A.
84 State Street, 9th Floor
Boston, MA 02109
(617) 723-3344

Dated:   October 21, 2005