UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ELECTRONIC ENVIRONMENTS CORPORATION,

        Plaintiff,

v.

JAMES M. EMMING,

        Defendant.

Case No. 05-11093-NG

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE RESPONSES TO REQUESTS FOR ADMISSIONS OUT OF TIME**

## INTRODUCTION

On September 2, 2005, Defendant James Emming (hereinafter "Emming") served Plaintiff Electronic Environments Corporation (hereinafter "EEC") with a set of Requests to Admit pursuant to Rule 36 of the Federal Rules of Civil Procedure. EEC did not respond to the discovery within thirty days as required by Rule 36. Therefore, the Requests to Admit are deemed admitted. Plaintiff filed a motion to withdraw its admissions and deny the requests. For the reasons set forth herein, the Court should deny EEC's Motion.

## PERTINENT FACTS

Emming served EEC with written discovery and Requests to Admit on September 2, 2005. (Affidavit of Lori M. Lubinsky, dated and filed 10/31/05 (hereinafter "Lubinsky Aff.") ¶ 7.) EEC asserts that it was unaware that the written discovery requests contained Requests to Admit. Emming's discovery requests left no doubt that he was requesting admissions, had EEC timely read the request.

The discovery document apprised EEC that the document contains Requests to Admit four times on the first page alone, including the caption. The references informing EEC that the document contains requests for admissions are as follows: (1) The bold and capitalized caption specifically states that the document contains "**DEFENDANT'S FIRST SET OF REQUESTS TO ADMIT…**"; (2) the introductory paragraph of the document cites the applicable Rules, which includes a citation to "Rule 36," and specifically requires responses within thirty days for the "Requests to Admit"; (3) the first paragraph of the document states that the answer to Interrogatories, responses to "Requests to Admit," and Requests for Production of Documents are all due within 30 days of the time service is made upon you; (4) under the Instructions and Definitions paragraph, the document states that "Local Rule 36.1 relating to Requests to Admit are incorporated by reference as if fully set forth herein"; and (5) on page 2, the heading "**REQUESTS TO ADMIT,**" is capitalized, bolded, underlined, and centered. (Lubinsky Aff. ¶ 7; Ex. B.)

EEC claims it received the discovery requests, including the Requests to Admit, on September 6, 2005 and diaried a response for thirty days. However, EEC admits that it first reviewed the discovery requests, including the Requests to Admit on October 18, 2005. (Verified Motion at ¶ 3.) By EEC's own admission, it did not review Emming's Requests to Admit with the intent to prepare responses until two weeks after the responses were due.

On October 25, 2005, EEC faxed to Emming's counsel incomplete answers to Emming's written Interrogatories and responses to Emming's Request for Production of Documents. (Lubinsky Aff. ¶ 11; Ex. F.) No documents were produced and/or attached.

2

(Id.) EEC's interrogatory responses indicate that some of the interrogatory answers can be obtained from examination of records at EEC's offices located at 410 Forest Street, Marlborough, Massachusetts. (Id.) Several of EEC's interrogatory responses are non-responsive. (Id.)

On October 28, 2005, EEC filed a Motion for Preliminary Injunction. (Id. at ¶ 13.) Under Local Rule 7.1(b), Emming has 14 days to respond, which response is due November 11, 2005.

## ARGUMENT

I. **THE COURT SHOULD NOT WITHDRAW EEC'S ADMISSIONS BECAUSE EEC HAS PRODUCED NO EVIDENCE THAT THE REQUESTS ARE NOT, IN FACT, TRUE AND EMMING WILL BE PREJUDICED BY ANY SUCH WITHDRAWAL.**

Rule 36 provides in relevant part as follows:

(a) Request for Admission. A party may serve upon any other party a written request for the admission ... of the truth of any matters ... that relate to statements or opinions of fact or of the application of law to fact....

... The matter is admitted unless, within 30 days after service of the request ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection ....

(b) Effect of Admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.

Fed. R. Civ. P. 36.

Under Rule 36, if a party fails to timely answer a request to admit, the request is deemed admitted. Any matter admitted under the Rule is conclusively established unless

the court on motion permits withdrawal or amendment of the admission. A district court has discretion to allow withdrawal or amendment of an admission "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." Brook Village North Associates v. General Elec. Co., 686 F.2d 66, 72-73 (1st Cir. 1982) (quoting Fed. R. Civ. P. 36(b)). The prejudice contemplated by the Rule is the difficulty a party faces in proving its case because of the need to obtain evidence for questions previously answered by the admissions. Id.

Emming's Requests to Admit are proper under Rule 36. Further, EEC has produced no evidence establishing that the admissions are not, in fact, true. Emming would be prejudiced at this stage of the lawsuit if the Court withdraws EEC's admissions because Emming does not have sufficient time to engage in the discovery that would be necessary if the admissions are withdrawn, in order to defend against EEC's injunction motion. For these reasons, EEC's admissions should not be withdrawn.

A.   **Emming's Requests to Admit Are Proper.**

By failing to answer the Requests to Admit, Plaintiff has admitted that since Emming left the employment of EEC, he has not worked for any JT Packard customer who is also a customer of EEC's; that he has not provided any sales leads or other information about EEC's customers to JT Packard; that enforcement of the Non-Competition and Confidential Agreement, attached as Exhibit A to Plaintiff's Complaint, is not necessary for the protection of EEC; and that he has not solicited any of Plaintiff's customers since he left his employment with EEC.

Emming's Requests to Admit are in proper form under all applicable federal and local rules. As set forth more fully above, EEC was advised at five different locations in the document that Emming was requesting admissions from EEC, pursuant to Rule 36 of the Federal Rules of Civil Procedure. Had EEC and/or its counsel read just the first page of the document, the fact that Emming had served Requests to Admit would have been clear. The fact that EEC's counsel did not review the document until <u>after</u> the requests were deemed admitted under Rule 36 does not alter the fact that the admissions are proper.

EEC claims that Emming's Request to Admit No. 3 – that enforcement of Emming's non-compete agreement is not necessary to protect its interests - is improper because it seeks to "cover the entire case." However, requests for admission are not improper merely because they are dispositive of the entire case. <u>Cereghino v. Boeing Co.</u>, 873 F. Supp. 398 (D.C. Or. 1994). Courts have not hesitated to apply admissions even if the application of Rule 36 precludes a party's claim. <u>United States v. Kenealy</u>, 646 F.2d 699 (1st Cir.), cert. denied, 102 S.Ct. 478 (1981); <u>Rainbolt v. Johnson</u>, 669 F.2d 767 (D.C. Cir. 1981).

In its brief, EEC cites a 1959 case for the proposition that Rule 36 was designed only to obtain admissions of fact. However, the 1970 amendments to Rule 36 eliminated the requirement that Rule 36 apply only to matters of fact. Accordingly, the law on which EEC's argument is based has been reversed by statute. Rule 36 specifically allows a party to request admission "of the truth of any matters ... that relate to statements or opinions of fact <u>or of the application of law to fact</u>." Fed. R. Civ. P. 36 (emphasis added). Application of law to fact is exactly what Emming's Request to Admit No. 3 was

designed to do. Emming requested EEC to admit that enforcement of Emming's non-compete agreement is not necessary to protect EEC's interests. EEC admitted the request. The request was in proper form, and the admission stands.

> **B.   EEC Has Produced No Evidence That The Requests To Admit Are Not, In Fact, True; Accordingly, Presentation Of The Merits Of The Case Will Be Served By The Admissions, Not By Withdrawal Of The Admissions.**

EEC has failed to submit any evidence from which the Court can conclude that EEC has any basis not to admit the truth of the matters set forth in Emming's Requests to Admit. When EEC filed its Motion to withdraw the admissions, it did not assert any evidentiary proof that the Requests to Admit are not, in fact, true. Similarly, one week later when EEC filed its Motion for Preliminary Injunction, it did not assert any evidentiary proof that the Requests to Admit are not, in fact, true.

Emming asked EEC to admit that since Emming left the employment of EEC, he has not worked for any JT Packard customer who is also a customer of EEC's. EEC has failed to offer any evidence whatsoever that Emming has, in fact, worked for an EEC customer. Emming asked EEC to admit that he has not provided any sales leads or other information about EEC's customers to JT Packard. EEC has failed to offer any evidence whatsoever that Emming has, in fact, provided sales leads to JT Packard. Emming asked EEC to admit that he has not solicited any of EEC's customers since he left his employment with EEC. EEC has failed to offer any evidence whatsoever that Emming has, in fact, solicited any of EEC's customers. Emming asked EEC to admit that enforcement of the non-compete agreement is not necessary for the protection of EEC's interests. EEC has presented no evidentiary support that enforcement of the non-compete agreement is necessary for the protection of EEC's interest.

The closest EEC comes to any basis for denying the requests to admit comes in Paragraph 18 of the Affidavit of Kenneth A. Rapoport, which states as follows:

> On March 30, 2005, EEC was informed by an employee of its client, Cingular, that Emming was working for Packard, and that Packard was actively seeking to become an authorized Cingular technical service and maintenance vendor, in direct competition with EEC.

(Rapoport Aff. at ¶ 18.) By Mr. Rapoport's admission, this information is not based on his personal knowledge but rather the hearsay statements of "an employee of its client." Accordingly, it is inadmissible. Moreover, nothing in this assertion contradicts the admissions EEC has made. Just because Emming worked for JT Packard and that JT Packard was soliciting a customer of EEC's does not mean that Emming was doing so, or aided JT Packard in doing so.

If EEC had evidentiary proof that Emming really had engaged in the activities referenced above, it should have submitted such evidentiary proof to the Court. It did not. Accordingly, "presentation of the merits of the action will be subserved" by letting EEC's admissions stand. See Fed. R. Civ. P. 36(b).

### C. Emming Will Be Prejudiced At This Stage Of The Case If EEC's Admissions Are Withdrawn.

EEC's responses to Emming's Interrogatories and Request for Production of Documents were late and non-responsive. On October 25, EEC returned incomplete answers to Interrogatories and instructed Emming that documents were available for inspection at EEC's offices. After providing Emming with inadequate responses to discovery, EEC moved for a preliminary injunction on October 28, 2005. Emming must respond to EEC's Motion for Preliminary Injunction by November 11, 2005.

Emming will be prejudiced by the withdrawal of EEC's admissions because he would then be required to gather evidence in a very short time period to defend against

EEC's Motion, which evidence he sought back on September 2, 2005. This would require Emming to expend significant resources and money reviewing documents, taking depositions of EEC management and employees and preparing affidavits and briefing, all of which cannot be done before November 11, 2005. Emming will be required to visit EEC's offices and look through volumes of EEC's documents since EEC did not provide answers to some of Emming's Interrogatories and did not produce copies of the documents Emming requested. There is no reason to require Emming to incur all of this expense when EEC has offered absolutely no evidentiary proof that the Requests to Admit are not, in fact, true. As a result, Emming will be prejudiced if EEC is allowed to file responses to requests for admissions out of time.

II. **EEC HAS FAILED TO ESTABLISH EXCUSABLE NEGLECT FOR ITS FAILURE TO TIMELY ANSWER EMMING'S REQUESTS TO ADMIT.**

Courts can consider whether the failure to respond to requests for admissions was from excusable neglect. See Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2257. U.S. v. Kasuboski, 834 F.2d 1345 (7th Cir. 1984) (court would not excuse defendant's failure to respond to requests to admit because it appeared that parties were close to settlement when responses were due); Woods v. Robb, 171 F.2d 539 (5th Cir. 1948) (defendant's illness was no longer an excuse for failure to respond upon its cessation); Freed v. Plastic Packaging Materials, 66 F.R.D. 550 (D.C. Pa. 1975) (defendant's failure to receive the requests for admissions was not a sufficient excuse.)

EEC has offered no legitimate excuse for failing to provide timely responses to Emming's Requests to Admit. EEC's counsel asserts that he failed to notice that the written discovery contained requests to admit because of the fact that the requests were not contained in a separate document. He then states that he did not even read the

documents for forty-two days after he received them and because of this EEC should be excused from timely responding to the requests. As stated above, Emming's discovery document alerted EEC and its counsel that the document contained Requests to Admit no less than four times on the first page alone. EEC has cited no law or rule that requires requests to admit to be separated from other discovery. EEC's argument that it was not reasonably apprised of the fact that the discovery contained Requests to Admit is not persuasive.

## CONCLUSION

For the foregoing reasons, Defendant Emming respectfully requests the Court deny EEC's Motion to file its responses out of time.

Dated this 4th day of November, 2005

                                     DAVIS, MALM & D'ANGOSTINE, P.C.

                                     /s/ Gary M. Feldman
                                     Gary M. Feldman
                                     Attorneys for Defendant
                                     One Boston Place
                                     Boston, MA  02108

                                     AXLEY BRYNELSON, LLP
                                     Lori M. Lubinsky
                                     Attorneys for Defendant
                                     2 East Mifflin Street, Suite 200 (53703)
                                     Post Office Box 1767
                                     Madison, WI  53701-1767
                                     (608) 283-6752

386321v.1