UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ELECTRONIC ENVIRONMENTS CORPORATION,

      Plaintiff,

v.

JAMES M. EMMING,

      Defendant.

Case No. 05-11093 NG

**AFFIDAVIT OF PETER DRUMM**

STATE OF WISCONSIN    )
                   ) ss.
COUNTY OF DANE      )

PETER DRUMM, being first duly sworn, on oath deposes and states as follows:

1.     I am adult resident of the State of Wisconsin. I am the General Manager for JT Packard & Associates, Inc. ("JT Packard"). I have personal knowledge of the facts set forth herein.

2.     James M. Emming is a UPS Field Engineer for JT Packard. He began his employment with JT Packard on April 11, 2005.

3.     In March of 2005, JT Packard had an immediate opening for a field technician to service existing JT Packard clients. Prior to hiring Mr. Emming for that position, I informed Mr. Emming that we had an immediate opening to service existing JT Packard customers because JT Packard had lost an employee, and therefore needed a new employee to take over service of those customers.

4.     Before he accepted JT Packard's offer of employment, Mr. Emming advised me that for a period of one year after his employment ended with Electronic Environments

Corporation ("EEC"), he would only work for existing JT Packard customers, and that he would not solicit EEC's customers or employees or aid JT Packard in doing so.

5.    JT Packard's offer to Mr. Emming did not provide a 3% incentive fee for all EEC service contracts Mr. Emming acquired for JT Packard.    The actual offer letter provides that Mr. Emming will receive a 3% commission on all new sales for service work.  JT Packard offers this incentive fee to all of its field engineers, and despite this financial incentive Mr. Emming has not received any commission to date, nor has he to my knowledge solicited any EEC customers.

6.    Mr. Emming has not worked at any customer sites for JT Packard that he previously worked on for EEC or even that he knew were customers of EEC.  Mr. Emming has not provided JT Packard with any information regarding EEC's customers or employees, including names, addresses and/or phone numbers.

7.    Level 3 Communications is a long-standing client of JT Packard.

8.    JT Packard, through its National Accounts Manager, Jennifer Determann, has been actively pursuing Cingular as a potential customer for JT Packard for two to three years, long before Mr. Emming became employed by JT Packard.

9.    JT Packard entered into a Mutual Confidentiality Agreement with EEC to discuss a possible business relationship between JT Packard and EEC.  After that Agreement was executed, I followed up with Mr. Rapoport at least six times to exchange confidential information about our companies. Mr. Rapoport never responded in any meaningful way, and no confidential information was exchanged between EEC and JT Packard.  Accordingly, JT Packard has only public information about EEC.  Mr. Emming has not provided JT Packard with any confidential information about EEC, its customers or its employees.

10.    EEC's Mid-Atlantic Regional Engineer, Mr. Eugene McNeil, affirmative sought employment with JT Packard by sending JT Packard his resume for consideration of potential employment.

Dated this 1st day of December , 2005.

Peter Drumm

Subscribed and sworn to before me
this 1st day of Dec. , 2005.

Notary Public, State of Wisconsin
My commission expires: 5-20-07