UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELECTRONIC ENVIRONMENTS CORPORATION,)<br>Plaintiff )<br> )<br>v. )<br> )<br>JAMES M. EMMING, )<br>Defendant )<br> ) | **Civil Action No. 05-11093 NG** |

## SUPPLEMENTARY AFFIDAVIT OF KENNETH A RAPOPORT

I, Kenneth A. Rapoport, depose and say as follows:

1.   I am the founder of Electronic Environments Corporation ("EEC"), which has been conducting its business since 1986.  From 1988 through 2000, I was president of EEC/ from 2001 through the present, I have been CEO of EEC.  I have personal knowledge of the facts contained in this Affidavit.

2.   Contrary to the representations set forth in paragraphs 5 and 6 of the Affidavit of James M. Emming ("Emming Affidavit"), Mr. Emming's duties did not change materially from the time of hire.  Rather, Mr. Emming's six month tenure as a "battery technician" was his on the job training designation for a UPS Technician.  That is standard procedure at EEC.

3.   Contrary to the representations set forth in paragraph 13 of the Emming Affidavit, APC and Liebert are not competitors of EEC.  Rather, APC and Liebert are service partners who work closely together with EEC in servicing UPS and telecommunications sites.

4. Contrary to the representations in paragraph 17 of the Emming Affidavit, each EEC UPS Technician is issued lead cards and is encouraged to develop new business. As set forth in my previous Affidavit, Mr. Emming was continuously commended for his customer relationship skills.

5. Contrary to the intimation in paragraphs 18 and 19 of the Emming Affidavit, most of Mr. Emming's customer contacts were with the customer's facility managers. In the UPS service industry, facility managers have the most influence on a customer's choice of which UPS service provider the customer should hire, or retain.

6. Contrary to the representations in paragraphs 19 and 20 of the Emming Affidavit, EEC UPS Technicians have ready access to EEC contract files and dispatch files. The customer identity is not the important information. Rather, the contract end dates, type or service, rates and frequency of service are the important confidential information contained in these files. Disclosure of the facts to a competitor would give the competitor a definite "edge" in competing with EEC for the same customer.

7. Contrary to the representations and intimations of paragraph 23 of the Emming Affidavit, EEC has safety, environmental and battery manuals for use by EEC's UPS Technicians. EEC acquires manufacturer's service manuals through the purchase of UPS equipment from those manufacturers, and through training of EEC UPS Technicians by UPS manufacturers. Those manuals usually come from the manufacturer's to EEC with non-disclosure to third-party restrictions.

8. The $71,942.00 salary denied in paragraph 28 of the Emming Affidavit is based upon Mr. Emming's W-2 income statement for 2004. A true copy of that income statement is attached hereto as **Exhibit "A"**.

Signed by me on this ___th day of December 2005 under the pains and penalties of perjury.

                                           /s/Kenneth A. Rapoport
                                           Kenneth A. Rapoport, CEO
                                     Electronic Environments Corporation

## COMMONWEALTH OF MASSACHUSETTS

Norfolk County                                          December 21, 2005

Signed before me on this  21 th day of December 2005 under the pains and penalties of perjury.

                                           /s/ James Lundrigan
_____ Notary Public
                                           My commission expires: 11/26/10

| a Control number 010028 RYK | | Void ☐ | OMB No. 1545-0008 RYK | 502010 | 010028 |
|---|---|---|---|---|---|
| b Employer identification number 04-2901791 | | | 1 Wages, tips, other compensation 71942.17 | 2 Federal income tax withheld 8447.76 | |
| c Employer's name, address, and ZIP code ELECTRONIC ENVIRONMENTS CORP 410 FOREST STREET MARLBOROUGH MA 01752 | | | 3 Social security wages 71942.17 | 4 Social security tax withheld 4460.41 | |
| | | | 5 Medicare wages and tips 71942.17 | 6 Medicare tax withheld 1043.16 | |
| | | | 7 Social security tips | 8 Allocated tips | |
| d Employee's social security number 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 | | | 9 Advance EIC payment | 10 Dependent care benefits | |
| e Employee's first name and initial  Last name JAMES M  EMMING- 91 LEFFINGWELL RD APT D1 UNCASVILLE, CT 06382 | | | 11 Nonqualified plans | 12a See instructions for box 12 C  52.00 | |
| | | | 13 Statutory employee ☐  Retirement plan ☐  Third-party sick pay ☐ | 12b | |
| | | | 14 Other | 12c | |
| | | | | 12d | |
| f Employee's address and ZIP code | | | | | |
| 15 State  Employer's state ID number CT  6058010-000 | 16 State wages, tips, etc. 71942.17 | 17 State income tax 3594.53 | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Form **W-2** Wage and Tax Statement  **2004**  Department of the Treasury—Internal Revenue Service

Copy D—For Employer.  For Privacy Act and Paperwork Reduction Act Notice, see back of Copy D.